**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

D.N.,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

No. 10-35037

D.C. No.
6:09-cv-06180-AA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, District Judge, Presiding

Argued and Submitted
October 8, 2010—Portland, Oregon

Filed November 22, 2010

Before: A. Wallace Tashima, Richard A. Paez and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

18669

**COUNSEL**

Christopher D. Hatfield, Hurley, Re, P.C., Bend, Oregon, for the plaintiff-appellant.

John A. DiCicco, Acting Assistant Attorney General; Kenneth L. Greene and Jennifer M. Rubin (argued), Tax Division, U.S. Department of Justice, Washington, D.C., for the defendant-appellee.

**OPINION**

CLIFTON, Circuit Judge:

After his father died, D.N., a minor, was paid funds held in his father's 401(k) retirement account. Through his legal representative, D.N. acknowledges that the "distributee" of such money is liable for income tax on it but contends that he should not be treated as the distributee of the money due to the particular circumstances. Instead, he argues that his mother, named as the primary beneficiary under the 401(k) plan in the event of the father's death, was the distributee. His mother did not actually receive any of the funds, and she was statutorily ineligible under Oregon law to receive them because she was the "slayer" of D.N.'s father, her husband. *See* Or. Rev. Stat. § 112.515 (2001).[1] Because she was ineligi-

---

[1]The 2001 version of the statute was current when the criminal trial took place and was used by the district court. The statute has since been amended in ways that are not material to the case.

ble to receive the 401(k) funds, they were paid to D.N. as the named secondary beneficiary.

After D.N. received the funds from his father's 401(k) plan, he paid income tax on the distribution and sought a refund. The IRS denied D.N.'s claim, and D.N. brought a refund action in district court. Both sides filed motions for summary judgment. The district court granted the government's motion and denied D.N.'s. We agree that D.N. was the distributee of the funds, properly liable for the tax, and affirm the judgment of the district court.

**[1]** Under 26 U.S.C. § 402(a), "any amount actually distributed to any distributee by any employees' trust described in section 401(a) which is exempt from tax . . . shall be taxable to the distributee." D.N. acknowledges that he received the money from such an employee trust but contends that his mother was the "distributee."

D.N. cites *Darby v. Comm'r*, 97 T.C. 51 (1991), in support of his claim.[2] In that case an ex-husband argued that he should not be taxed on plan benefits distributed to his ex-wife pursuant to a divorce decree that assigned his interest in those benefits to her. The tax court held that "[a] distributee of a distribution under a plan ordinarily is the participant or beneficiary who, under the plan, is entitled to receive the distribution." *Id.* at 58. The ex-husband was liable as the distributee of the funds, the tax court concluded, because he was entitled to receive the funds from the plan and transferred the benefits to his ex-wife under the divorce decree.

---

[2]The tax court's decision in *Darby* is not binding on this court. While "a presumption exists that the tax court correctly applied the law, no special deference is given to the tax court's decisions." *Hill v. Comm'r*, 204 F.3d 1214, 1217 (9th Cir. 2000). We do not need to decide whether *Darby* was properly decided on its facts to resolve the case before us, and we imply no view on this question.

D.N., relying on *Darby*, argues that his mother should be treated as the distributee of the funds from his father's 401(k) plan because she was originally entitled to the proceeds and because she received a benefit from the plan by using her claim to the funds as a bargaining chip in criminal plea negotiations. She ultimately pled guilty to first-degree manslaughter with intent, a lesser offense than the murder charge originally pursued by the prosecutor. The prosecutor attested that her claim to the 401(k) funds played a role in the negotiations.

**[2]** D.N.'s mother was not the distributee of the funds in this case, however. She never received any of the money, nor under Oregon law was she entitled to receive the funds. Even before she was convicted, once the plan received notice that she was a suspect in the killing of D.N.'s father, the funds could not be paid to her. Well before her actual conviction, the plan administrator indicated that it would not distribute the funds until the criminal charges had been resolved. *See* Or. Rev. Stat. § 112.535. That D.N.'s mother used her status as the primary beneficiary of the plan for leverage in negotiating a plea does not change the fact that she never received the money and was not entitled to it. In neither fact nor theory was she the "distributee" of the funds.

**[3]** Moreover, the money was not routed to D.N. by his mother in the way that benefits passed through Darby to his ex-wife. The money was paid directly to D.N. by the 401(k) plan because he had been named by his father as the secondary beneficiary. D.N. did not acquire his right to the funds from his mother.

**[4]** The money was distributed to D.N., not to his mother. He was liable as the distributee for the tax.

**AFFIRMED.**